**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE VELASCO,<br><br>    Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | CASE NO. SA CV 14-01432 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

    This matter comes before the Court on the suit of Plaintiff Jose Velasco for review of the Social Security Commissioner's denial of his disability benefits application.

    The Administrative Law Judge found that "[t]he claimant has the following severe impairments: colon cancer, status post surgical resection of tumor with no recurrence; hypertension; and right knee pain." [AR 30] The Administrative Law Judge's decision contains no discussion of either hypertension or right knee pain. That leaves the colon cancer. Since Plaintiff had surgery for the cancer and there has been no recurrence, it is curious how the cancer can be an impairment, much less a severe one, since a severe impairment is one that more than minimally affects the ability to perform basic work functions. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The only way the Court can understand the cancer as an impairment is if it includes the aftermath of the surgery – the residual effect of the surgery

and chemotherapy. The primary after-effect has been peripheral neuropathy, and thus the Court concludes that the Administrative Law Judge *did* include peripheral neuropathy as a severe impairment, because otherwise referring to Plaintiff's cancer makes no sense.

Plaintiff also argues that the Administrative Law Judge did not appropriately evaluate his credibility. The Administrative Law Judge stated that Plaintiff has pain and numbness in his feet that make it difficult to walk and stand, and that Plaintiff worked from April 2012 to June 2012 but was fired because he could not persist with his work. Following these references, the Administrative Law Judge included the boilerplate language routinely found in administrative decisions by the Commissioner, *see Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1103 (9th Cir. 2014):

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

[AR 32] This language, in and of itself, is meaningless. As *Treichler* noted, "'[c]redibility findings must have support in the record, and hackneyed language seen universally in ALJ decisions adds nothing,'" *Id.*, quoting *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012).

The problem is immediately apparent in trying to apply the language in this case. What are the alleged symptoms as to which the Administrative Law Judge says were caused by the impairments? Is it that Plaintiff has pain and numbness in his feet, and that he has difficulty standing? Is it the additional statement that Plaintiff was not able to work more than three months in 2012? And if, so, what are "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [that] are not entirely credible?" An administrative law judge is required to specifically identify the

testimony he finds not to be credible, and to explain what evidence undermines the testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). This the Administrative Law Judge did not do.

As for explaining the impeaching evidence – assuming we could get past the question of impeaching as to what? – the Administrative Law Judge was required to give specific and legitimate reasons or, some cases say, "clear and convincing reasons", or, as one of the latest cases says, "specific, clear and convincing reasons," *Burrell v.* Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014), for finding Plaintiff not to be credible.

The Administrative Law Judge said that evidence of the fact that Plaintiff was not restricted from all work came from Plaintiff's actual work in 2012. [AR 32] As the Commissioner acknowledges in this Court, a short period like the three-month period of work here does not qualify as substantial gainful activity. 20 C.F.R. § 404.1574(c)(4). The Commissioner goes on to argue, however, that the work attempt nevertheless showed that Plaintiff could work. But the very regulation at issue defines that work attempt as an "unsuccessful work attempt" – that is, the claimant could *not* work – if the work was unsatisfactory because of the impairment. That is what Plaintiff alleged, and saying that it is belied by the fact that Plaintiff worked is just circular reasoning.

The Administrative Law Judge also found that Plaintiff made doctor's visits only every couple of months for medication refills, and said that this fact "suggests that the claimant's symptoms were well-controlled with the medication and neither the claimant, nor his physicians, thought that further treatment was necessary." [AR 32] The Court is not sure what treatment other than medication the Administrative Law Judge thought would be consistent with Plaintiff's assertions about his peripheral pain. None has been identified, and the evidence cannot be impeaching if there is nothing more to be done. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1998) ("Particularly because none of the many physicians Regennitter has seen has suggested effective treatment for his pain, the amount of medical treatment Regennitter has received is not necessarily inconsistent with his complaints.").

Finally, the Administrative Law Judge said that there was little objective evidence supporting "Plaintiff's allegations of debilitating pain." [AR 32] He said that the EMG studies were only mildly positive, and that he credited the opinion of the State agency medical consultant. [*Id.*] The Electrodiagnostic report does use the term "mild" in a couple of places (but not in describing Plaintiff's peripheral neuropathy), but it gives no functional meaning to that term. [AR 330] Likewise, the State agency medical consultant's determination does not impeach Plaintiff nor, in fact, does it support the Administrative Law Judge. That determination, which is little more than the name of a doctor at the end of a case analysis prepared by an unknown employee, supports a sedentary residual functional capacity [AR 313], whereas the Administrative Law Judge found a capacity to perform the full range of light work. [AR 31]

In short, substantial evidence does not support the determination of the Administrative Law Judge. However, the Court cannot order the award of benefits. The record is not fully developed; for example, the Administrative Law Judge ended his analysis at the fourth step of the five-step analysis, and it is possible that he might need to proceed to a fifth step. Also, the Court retains flexibility to remand in situations like this. Remand is the preferred remedy in this case. *Burrell v. Colvin*, 775 F.3d at 1141.

In accordance with the foregoing, the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Memorandum Opinion.

IT IS SO ORDERED.

DATED: April 8, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 4 -